UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20063-CR-COOKE/GOODMAN**

18 U.S.C. § 1951(a)
18 U.S.C. § 924(c)(1)(A)(ii)
18 U.S.C. § 25
18 U.S.C. § 1201(a)(1)
18 U.S.C. § 2119(3)
18 U.S.C. § 924(c)(1)(A)(iii)
18 U.S.C. § 924(j)(1)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 844(i)
18 U.S.C. § 924(d)(1)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

JAMAL LAMAR HEAD,
KEON TRAVY GLANTON, and
CHRISTOPHER GRANT PROBY,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Commit Hobbs Act Robbery
### (18 U.S.C. § 1951(a))

Beginning at least as early as on or about July 9, 2018, the exact date being unknown to

the Grand Jury, and continuing until on or about July 27, 2018, in Miami-Dade, Broward, and

Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JAMAL LAMAR HEAD,**
**KEON TRAVY GLANTON, and**
**CHRISTOPHER GRANT PROBY,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b)(1) and (b)(3), in that the defendants did unlawfully plan and agree to take plumbing equipment, United States currency, and other property from persons and in the presence of persons engaging in interstate and foreign commerce, against the will of those persons, by means of actual and threatened force and violence, and fear of injury to said persons, in violation of Title 18, United States Code, Section 1951(a).

### COUNT 2
### Hobbs Act Robbery
### (18 U.S.C. § 1951(a))

On or about July 9, 2018, in Miami-Dade County, in the Southern District of Florida, the defendant,

### JAMAL LAMAR HEAD,

did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b)(1) and (b)(3), in that the defendant did unlawfully take plumbing equipment, United States currency, and other property from the person and in the presence of "P.T.B.," a person engaging in interstate and foreign commerce, against the will of "P.T.B.," by means of actual and threatened force and violence, and fear of injury to said person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 3
### Brandishing a Firearm in Furtherance of a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A)(ii))

On or about July 9, 2018, in Miami-Dade County, in the Southern District of Florida, the defendant,

### JAMAL LAMAR HEAD,

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a), as charged in Count 2 of the Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## COUNT 4
### Hobbs Act Robbery
### (18 U.S.C. § 1951(a))

On or about July 11, 2018, in Palm Beach County, in the Southern District of Florida, the defendants,

### JAMAL LAMAR HEAD,
### KEON TRAVY GLANTON, and
### CHRISTOPHER GRANT PROBY,

did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b)(1) and (b)(3), in that the defendants did unlawfully take plumbing equipment, United States currency, and other property from the person and in the presence of "D.S.," a person employed by Roto-Rooter, a business and company

3

operating in interstate and foreign commerce, against the will of "D.S.," by means of actual and threatened force, violence, and fear of injury to said person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

Pursuant to 18 U.S.C. § 25, it is further alleged that a minor was used to commit this crime.

## COUNT 5
### Brandishing a Firearm in Furtherance of a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A)(ii))

On or about July 11, 2018, in Palm Beach County, in the Southern District of Florida, the defendants,

**JAMAL LAMAR HEAD,**
**KEON TRAVY GLANTON, and**
**CHRISTOPHER GRANT PROBY,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a), as charged in Count 4 of the Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## COUNT 6
### Hobbs Act Robbery
### (18 U.S.C. § 1951(a))

On or about July 12, 2018, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JAMAL LAMAR HEAD and**
**KEON TRAVY GLANTON,**

did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of articles

and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are

defined in Title 18, United States Code, Section 1951(b)(1) and (b)(3), in that the defendants did

unlawfully take plumbing equipment, United States currency, and other property from the person

and in the presence of "L.S.H.," a person engaging in interstate and foreign commerce, against the

will of "L.S.H.," by means of actual and threatened force, violence, and fear of injury to said

person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 7
### Kidnapping Resulting in Death
### 18 U.S.C. § 1201

On or about July 12, 2018, in Miami-Dade County, in the Southern District of Florida, the

defendants,

### JAMAL LAMAR HEAD and
### KEON TRAVY GLANTON,

did willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and

hold any person,  that is, "L.S.H.," and attempt to seize, confine, inveigle, decoy, kidnap, abduct,

and carry and hold any person, that is, "L.S.H.," and hold that person for reward and otherwise,

that is, a 2003 White Chevrolet Van, plumbing equipment, and other property, and did use any

means, facilities, and instrumentalities of interstate commerce, that is, cellular telephones and a

motor vehicle, in furtherance of this offense, with the death of "L.S.H." resulting; in violation of

Title 18, United States Code, Sections 1201(a)(1) and 2.

**COUNT 8**
**Carjacking Resulting in Death**
**18 U.S.C. § 2119(3)**

On or about July 12, 2018, in Miami-Dade County, in the Southern District of Florida, the

defendants,

**JAMAL LAMAR HEAD and**
**KEON TRAVY GLANTON,**

with the intent to cause death and serious bodily harm, did take a motor vehicle that had been

transported, shipped, and received in interstate and foreign commerce, that is, a 2003 White

Chevrolet Van, from the person and in the presence of another, that is, "L.S.H.," by force and

intimidation, and with the death of "L.S.H." resulting; in violation of Title 18, United States Code,

Sections 2119(3) and 2.

**COUNT 9**
**Discharging a Firearm in Furtherance of a Crime of Violence**
**(18 U.S.C. § 924(c)(1)(A)(iii))**

On or about July 12, 2018, in Miami-Dade County, in the Southern District of Florida, the

defendants,

**JAMAL LAMAR HEAD and**
**KEON TRAVY GLANTON,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did

knowingly possess a firearm in furtherance of a crime of violence, an offense for which the

defendants may be prosecuted in a court of the United States, that is, for violations of Title 18,

United States Code, Sections 1951(a), 1201(a)(1), and 2119(3), as charged in Counts 6, 7, and 8

of the Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), it is further alleged that

the firearm was discharged.

## COUNT 10
### Causing the Death of a Person in the
### Course of a Violation of 18 U.S.C. § 924(c)
### (18 U.S.C. § 924(c)(1)(A) and (j)(1))

On or about July 12, 2018, in Miami-Dade County, in the Southern District of Florida, the

defendants,

### JAMAL LAMAR HEAD and
### KEON TRAVY GLANTON,

did knowingly use and carry a firearm during and in relation to a crime of violence, and did

knowingly possess a firearm in furtherance of a crime of violence, an offense for which the

defendants may be prosecuted in a court of the United States, that is, for violations of Title 18,

United States Code, Sections 1951(a), 1201(a)(1), and 2119(3), as charged in Counts 6. 7, and 8

of the Indictment; and in the course of this violation of Title 18, United States Code, Section

924(c), caused the death of a person, "L.S.H.," through the use of a firearm, which killing was a

murder as defined in Title 18, United States Code, Section 1111, in violation of Title 18, United

States Code, Sections 924(c)(1)(A), 924(j)(1), and 2.

### COUNT 11
### Possession of a Firearm and Ammunition by a Convicted Felon
### (18 U.S.C. § 922(g)(1))

On or about July 12, 2018, in Miami-Dade County, in the Southern District of Florida, the

defendant,

### JAMAL LAMAR HEAD,

having been previously convicted of a crime punishable by imprisonment for a term exceeding

one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign

commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 12
### Arson
### (18 U.S.C. § 844(i))

On or about July 12, 2018, in Miami-Dade County, in the Southern District of Florida, the defendants,

### JAMAL LAMAR HEAD and
### KEON TRAVY GLANTON,

did maliciously damage and destroy, and attempt to damage and destroy, and cause to be damaged and destroyed by means of fire, a vehicle, that is, a 2003 White Chevrolet Van, and other real and personal property, which vehicle and other real and personal property were used in interstate and foreign commerce and in any activities affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 844(i) and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, **JAMAL LAMAR HEAD, KEON TRAVY GLANTON, and CHRISTOPHER GRANT PROBY,** have an interest.

2.      Upon conviction of a violation of, or conspiracy to violate, Title 18, United States Code, Section 1951(a), as alleged in this Indictment, the defendants shall each forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), which is made criminally applicable by Title 28, United States Code, Section 2461(c).

3.      Upon conviction of a violation of Title 18, United States Code, Sections 922(g)(1), 924(c), and/or any other criminal law of the United States, as alleged in this Indictment, the defendants shall each forfeit to the United States of America, any firearm and ammunition involved

8

in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1), which is made criminally applicable by Title 28, United States Code, Section 2461(c).

4.      Upon a conviction of a violation of Title 18, United States Code, Section 1201, as alleged in this Indictment, the defendants shall each forfeit to the United States any property, real or personal, which represents or is traceable to gross proceeds obtained, directly or indirectly as a result of such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

5.      Upon a conviction of a violation of Title 18, United States Code, Section 2119, as alleged in this Indictment, the defendants shall each forfeit to the United States any property, real or personal, which represents or is traceable to gross proceeds obtained, directly or indirectly as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(5).

6.      Upon conviction of a violation of Title 18, United States Code, Section 844(i), as alleged in this Indictment, the defendants shall each forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, and any explosive materials used or intended to be used in such violation, pursuant to Title 18, United States Code, Sections 844(c) and 981(a)(1)(C), which is made criminally applicable by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C), and 982(a)(5), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

## NOTICE OF SPECIAL FINDINGS

The Grand Jury finds that:

**I.**   **Special findings as to Count 7**

Pursuant to Chapter 228 (Sections 3591 through 3599) of Title 18 of the United States Code, the following factors exist regarding defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** and their commission of the offenses charged in Count 7, the allegations of which are fully re-alleged and incorporated herein by this reference.

A.   Statutory Factors Enumerated Under Title 18, United States Code, Section 3591(a).

1.   Defendants' Ages.  Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** were each 18 years of age or older at the time they committed the offense.  Title 18, United States Code, Section 3591(a).

2.   Defendants' Mental State.

a.   Defendant **JAMAL LAMAR HEAD** intentionally killed the victim, "L.S.H." Title 18, United States Code, Section 3591(a)(2)(A).

b.   Defendant **JAMAL LAMAR HEAD** intentionally inflicted serious bodily injury that resulted in the death of the victim, "L.S.H." Title 18, United States Code, Section 3591(a)(2)(B).

c.   Defendant **JAMAL LAMAR HEAD** intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim "L.S.H.," died as a direct result of the act. Title 18, United States Code, Section 3591(a)(2)(C).

d.   Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** intentionally and specifically engaged in an act of violence, knowing the act created a grave risk

10

of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, "L.S.H.," died as a direct result of the act.  Title 18, United States Code, Section 3591(a)(2)(D).

B.    Statutory Factors Enumerated Under Title 18, United States Code, Section 3592(c).

1.    Death during commission of another crime.  The death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of another crime, that is, an offense under 18 U.S.C. § 1201(a)(1) (Kidnapping). 18 U.S.C. § 3592(c)(1).

2.    Previous conviction of violent felony involving firearm. Defendant **JAMAL LAMAR HEAD** was previously convicted of a State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm against another person.  18 U.S.C. § 3592(c)(2).

3.    Pecuniary Gain.  Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** committed the offense in the expectation of the receipt of anything of pecuniary value.  Title 18, United States Code, Section 3592(c)(8).

4.    Substantial Planning and Premeditation.  Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** committed the offense after substantial planning and premeditation to cause the death of a person.  Title 18, United States Code, Section 3592(c)(9).

**II.    Special findings as to Count 8**

Pursuant to Chapter 228 (Sections 3591 through 3599) of Title 18 of the United States Code, the following factors exist regarding defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** and their commission of the offenses charged in Count 8, the allegations of which are fully re-alleged and incorporated herein by this reference.

A.    Statutory Factors Enumerated Under Title 18, United States Code, Section 3591(a).

1.    Defendants' Ages.  Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** were each 18 years of age or older at the time they committed the offense.  Title 18, United States Code, Section 3591(a).

2.    Defendants' Mental State.

a.    Defendant **JAMAL LAMAR HEAD** intentionally killed the victim, "L.S.H."  Title 18, United States Code, Section 3591(a)(2)(A).

b.    Defendant **JAMAL LAMAR HEAD** intentionally inflicted serious bodily injury that resulted in the death of the victim, "L.S.H."  Title 18, United States Code, Section 3591(a)(2)(B).

c.    Defendant **JAMAL LAMAR HEAD** intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, "L.S.H.," died as a direct result of the act.  Title 18, United States Code, Section 3591(a)(2)(C).

d.    Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** intentionally and specifically engaged in an act of violence, knowing the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, "L.S.H.," died as a direct result of the act.  Title 18, United States Code, Section 3591(a)(2)(D).

B.    Statutory Factors Enumerated Under Title 18, United States Code, Section 3592(c).

1.    Death during commission of another crime.  The death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of another crime, that is, an offense under 18 U.S.C. §1201(a)(1) (Kidnapping).

2.     Previous conviction of violent felony involving firearm. Defendant **JAMAL LAMAR HEAD** was previously convicted of a State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm against another person. 18 U.S.C. § 3592(c)(2).

3.     Pecuniary Gain. Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** committed the offense in the expectation of the receipt of anything of pecuniary value. Title 18, United States Code, Section 3592(c)(8).

4.     Substantial Planning and Premeditation.   Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** committed the offense after substantial planning and premeditation to cause the death of a person.  Title 18, United States Code, Section 3592(c)(9).

## III.    Special findings as to Count 10

Pursuant to Chapter 228 (Sections 3591 through 3599) of Title 18 of the United States Code, the following factors exist regarding defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** and their commission of the offenses charged in Count 10, the allegations of which are fully re-alleged and incorporated herein by this reference.

A.     Statutory Factors Enumerated Under Title 18, United States Code, Section 3591(a).

1.     Defendants' Ages. Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** were each 18 years of age or older at the time they committed the offense.  Title 18, United States Code, Section 3591(a).

2.     Defendants' Mental State.

a.     Defendant **JAMAL LAMAR HEAD** intentionally killed the victim, "L.S.H." Title 18, United States Code, Section 3591(a)(2)(A).

b.        Defendant **JAMAL LAMAR HEAD** intentionally inflicted serious bodily injury that resulted in the death of the victim, "L.S.H." Title 18, United States Code, Section 3591(a)(2)(B).

c.        Defendant **JAMAL LAMAR HEAD** intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, "L.S.H.," died as a direct result of the act. Title 18, United States Code, Section 3591(a)(2)(C).

d.        Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** intentionally and specifically engaged in an act of violence, knowing the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, "L.S.H.," died as a direct result of the act. Title 18, United States Code, Section 3591(a)(2)(D).

B.        Statutory Factors Enumerated Under Title 18, United States Code, Section 3592(c).

1.        Death during commission of another crime. The death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of another crime, that is, an offense under 18 U.S.C. §1201(a)(1) (Kidnapping).

2.        Previous conviction of violent felony involving firearm. Defendant **JAMAL LAMAR HEAD** was previously convicted of a State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm against another person. 18 U.S.C. § 3592(c)(2).

3.        Pecuniary Gain. Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** committed the offense in the expectation of the receipt of anything of pecuniary value. Title 18, United States Code, Section 3592(c)(8).

14

4.    Substantial Planning and Premeditation.  Defendants **JAMAL LAMAR HEAD and KEON TRAVY GLANTON** committed the offense after substantial planning and premeditation to cause the death of a person.  Title 18, United States Code, Section 3592(c)(9).

A TRUE BILL

_____  $7/\backslash$ _____

FOREPERSON

Kennith Note
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

DANIEL J. MARCET
ASSISTANT UNITED STATES ATTORNEY

DANIEL CERVANTES
ASSISTANT UNITED STATES ATTORNEY

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.

Jamal Lamar Head, et al.,

_____ **Defendants.** _____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New defendant(s)        Yes ____ No ____
Number of new defendants           ____
Total number of counts             ____

**Court Division:** (Select One)
| | | |
|---|---|---|
| ✓ Miami | __ Key West | |
| __ FTL | __ WPB | __ FTP |

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect  _____

4. This case will take  21  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| | (Check only one) | | | (Check only one) | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ | |
| II | 6 to 10 days | _____ | Minor | _____ | |
| III | 11 to 20 days | _____ | Misdem. | _____ | |
| IV | 21 to 60 days | ✓ | Felony | ✓ | |
| V | 61 days and over | | | | |

6. Has this case previously been filed in this District Court?  (Yes or No)  No
   If yes: Judge _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of  Head and Glanton- 7/27/2018; Proby- 11/12/2018
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)  Yes

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?  Yes ____ No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  Yes ____ No ✓

_____
DANIEL J. MARCET
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0114104

*Penalty Sheet(s) attached

REV 8/13/2018

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

**Defendant's Name:**   JAMAL LAMAR HEAD

**Case No:**

Count #: 1

Conspiracy to Commit Hobbs Act Robbery

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** Twenty Years' Imprisonment

Count #: 2

Hobbs Act Robbery

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** Twenty Years' Imprisonment

Count #: 3

Brandishing of a firearm in furtherance of a crime of violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)

**\*Max. Penalty:** Life Imprisonment

Count #: 4

Hobbs Act Robbery and Use of a Minor in Furtherance of a Crime of Violence

Title 18, United States Code, Sections 1951(a) and 25

**\*Max. Penalty:** Forty Years' Imprisonment

Count #: 5

Brandishing of a firearm in furtherance of a crime of violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)

**\*Max. Penalty:** Life Imprisonment

Count #: 6

Hobbs Act Robbery

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** Twenty Years' Imprisonment

Count #: 7

Kidnapping Resulting in Death

Title 18, United States Code, Section 1201(a)(1)

**\*Max. Penalty:** Death or Life Imprisonment

Count #: 8

Carjacking Resulting in Death

Title 18, United States Code, Section 2119(3)

**\*Max. Penalty:** Death or Life Imprisonment

Count #: 9

Discharging a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(iii)

**\*Max. Penalty:** Life Imprisonment

Count #: 10

Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c)

Title 18, United States Code, Section 924(c)(1)(A) and (j)(1)

**\*Max. Penalty:** Death or Life Imprisonment

Count #: 11

Possession of a Firearm and Ammunition by a Convicted Felon

Title 18, United States Code, Section 922(g)

**\*Max. Penalty:** Ten Years' Imprisonment

Count #: 12

Arson

Title 18, United States Code, Section 844(i)

**\*Max. Penalty:** Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   KEON TRAVY GLANTON

**Case No:**

Count #: 1

Conspiracy to Commit Hobbs Act Robbery

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** Twenty Years' Imprisonment

Count #: 4

Hobbs Act Robbery and Use of a Minor in Furtherance of a Crime of Violence

Title 18, United States Code, Sections 1951(a) and 25

**\*Max. Penalty:** Forty Years' Imprisonment

Count #: 5

Brandishing of a firearm in furtherance of a crime of violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)

**\*Max. Penalty:** Life Imprisonment

Count #: 6

Hobbs Act Robbery

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** Twenty Years' Imprisonment

Count #: 7

Kidnapping Resulting in Death

Title 18, United States Code, Section 1201(a)(1)

**\*Max. Penalty:** Death or Life Imprisonment

Count #: 8

Carjacking Resulting in Death

Title 18, United States Code, Section 2119(3)

**\*Max. Penalty:** Death or Life Imprisonment

Count #: 9

Discharging a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(iii)

**\*Max. Penalty:** Life Imprisonment

Count #: 10

Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c)

Title 18, United States Code, Section 924(c)(1)(A) and (j)(1)

**\*Max. Penalty:** Death or Life Imprisonment

Count #: 12

Arson

Title 18, United States Code, Section 844(i)

**\*Max. Penalty:** Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** CHRISTOPHER GRANT PROBY

**Case No:**

Count #: 1

Conspiracy to Commit Hobbs Act Robbery

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** Twenty Years' Imprisonment

Count #: 4

Hobbs Act Robbery and Use of a Minor in Furtherance of a Crime of Violence

Title 18, United States Code, Sections 1951(a) and 25

**\*Max. Penalty:** Forty Years' Imprisonment

Count #: 5

Brandishing of a firearm in furtherance of a crime of violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)

**\*Max. Penalty:** Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**