**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 19-CR-20063-ALTMAN**

**UNITED STATES OF AMERICA**

vs.

**JAMAL LAMAR HEAD,**

      **Defendant.**

_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and

JAMAL LAMAR HEAD ("Defendant") enter into the following agreement:

    1.    The Defendant agrees to plead guilty to Counts 1, 5, 8, 9, and 10 of the Indictment.

Count 1 charges the Defendant with conspiracy to commit Hobbs Act robbery, in violation of 18

U.S.C. § 1951(a). Count 5 charges the Defendant with brandishing a firearm in furtherance of a

crime of violence, that is, the robbery of victim D.S. in violation of 18 U.S.C. § 1951(a), in

violation of 18 U.S.C. § 924(c). Count 8 charges the Defendant with carjacking resulting in the

death of victim L.S.H., in violation of 18 U.S.C. § 2119(3). Count 9 charges the Defendant with

discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.

§ 924(c)(1)(A)(iii). Count 10 charges the Defendant with causing the death of a person, L.S.H.,

in the course of a violation of 18 U.S.C. § 924(c), with that killing being murder as defined in 18

U.S.C. § 1111, in violation of 18 U.S.C. § 924(j)(1). For the purposes of this plea agreement, the

parties agree that the predicate crime of violence for Counts 9 and 10 is carjacking in violation of

18 US.C. § 2119(3).

    2.    This Office agrees to request dismissal of the remaining counts against the

Defendant at sentencing.

3.      The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The Defendant also understands and acknowledges that the crimes to which he is pleading guilty carry the following potential penalties:

      a.   For Count 1 of the Indictment, the Court may impose a statutory maximum term of 20-years' imprisonment, followed by a term of supervised release of up to three years and a fine of up to $250,000 and restitution;

      b.   For Count 5 of the Indictment, the Court must impose a mandatory term of at least 7-years' imprisonment consecutive to any other term of imprisonment, and may

impose a statutory maximum term of life imprisonment, followed by a term of supervised release of up to five years and a fine of up to $250,000;

    c.  For Count 8 of the Indictment, the Court may impose a sentence of up to life imprisonment, followed by a term of supervised release of up to five years, and a fine of $250,000, and must order restitution.

    d.  For Count 9 of the Indictment, the Court must impose a mandatory term of at least 10-years' imprisonment consecutive to any other term of imprisonment, and may impose a statutory maximum term of life imprisonment, followed by a term of supervised release of up to five years and a fine of up to $250,000;

    e.  For Count 10 of the Indictment, the Court may impose a statutory maximum term of life imprisonment, followed by a term of supervised release of up to five years and a fine of up to $250,000; and

    f.  The Defendant further understands that Court may run all of these terms of imprisonment consecutive to each other, for a total term of imprisonment of four life sentences plus 20 years in prison, five years of supervised release, a fine of $1,250,000, and restitution.

5.    The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count of conviction will be imposed on the Defendant, for a total of $500. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility.   If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This Office, however, will not be required to make these recommendations or any of the recommendations in this plea agreement if the Defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

4

8.     The parties agree that, although not binding on the Court or the Probation Office, they will jointly recommend that the Court impose a sentence of 720 months in prison.

9.     The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court.   The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety.   The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

12.     The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title and interest to (1) any firearm or ammunition involved in or used in the commission of any violation of 18 U.S.C. § 924, or any violation of any other criminal law of the United States, pursuant to 18 U.S.C. § 924(d)(1); (2) any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1951(1), pursuant to 18 U.S.C. § 981(a)(1)(C); and (3) any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of the violation of 18 U.S.C. § 2119(3), pursuant to 18 U.S.C. § 982(a)(5).

13.     The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution order, or any penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United

5

States Constitution, including any claim of excessive fine or penalty with respect to any forfeited property. In addition, the Defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings brought against any forfeited property, and any appeal of the forfeited property.

14.     The Defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature, form, or location. The assistance shall include: full disclosure of any asset, identifying any property subject to forfeiture, providing testimony before a federal grand jury or in an administrative or judicial proceeding, consenting to the entry of an order enjoining the transfer or encumbrance of such property, and transferring such property to the United States by delivering to this Office, upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

15.     The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or the joint sentencing recommendation agreed to in this Plea Agreement.  The Defendant further understands that nothing in this agreement shall affect the government's right or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals the Defendant's sentence pursuant to Sections

6

3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

16.     The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the Defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.   By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.   The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

17.     This is the entire agreement and understanding between this Office and the Defendant.   There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date:   3/3/2021                      By: _Daniel J. Marcet_____
                                          DANIEL J. MARCET
                                          ASSISTANT UNITED STATES ATTORNEY

Date:   2|23|21                       By: _____
                                          ERIC COHEN
                                          COUNSEL FOR DEFENDANT

Date:   2|23|21                       By: _____
                                          JAMAL LAMAR HEAD
                                          DEFENDANT

7